IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEIL DEIMUND, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       vs. | )   Case No. 05-cv-0816-MJR |
| | ) |
| HOMECOMING FINANCIAL NETWORK, INCORPORATED, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, | ) |
| | ) |
|       **Defendants.** | ) |

## ORDER

**REAGAN, District Judge:**

Plaintiff filed his complaint (Doc. 1) on November 14, 2005, in setoff and recoupment in response to Defendants' action to foreclose on his mortgage and dispossess him of his home and property. Plaintiff alleges several violations of the Truth in Lending Act, **15 U.S.C. § 1601 *et seq.***, Regulation Z, **12 C.F.R. § 226.1 *et seq.*** and Regulation X, **24 C.F.R. § 3500**, as well as predatory lending practices pursuant to **815 ILCS 505/1** and fraud pursuant to **735 ILCS 5/13-205** and **207.** He requests injunctive relief, actual and statutory damages, attorney's fees and costs.

Plaintiff moved for a temporary restraining order to prevent foreclosure and sale of his home (Doc. 3). The Court heard the matter on January 6, 2006. But all parties appeared to defend themselves, so the motion for a temporary restraining order was converted to a motion for preliminary injunction under **Fed. R. Civ. P. 65**. Plaintiff's home had already been sold by that time, so the motion was moot and Plaintiff withdrew it (Doc. 15). Remaining are Plaintiff's allegations of violations of the Truth in Lending Act and various Regulations.

Defendants have moved to dismiss the case (Docs. 17, 18, 19). However, we need not reach the substance of the case. The *Rooker-Feldman* doctrine clearly applies to this case, and we may dismiss it for lack of subject matter jurisdiction under **Fed. R. Civ. P. 12(b)(1)**. *See Rooker v. Fidelity Trust Co.*, **263 U.S. 413 (1923);** ***D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).** This doctrine prevents parties who have lost in state court from challenging that judgment in lower federal courts directly or by collaterally attacking it in such a way as to undo it. ***See Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529 (7th Cir. 2004).** Only the Supreme Court of the United States can review state court judgments. ***Id.* at 532.**

In this case, Plaintiff lost a foreclosure action in state court, applied for relief from judgment but was denied, untimely appealed and was denied, and now wishes relief from this Court. Plaintiff does raise new claims, including some under federal law, but the proper time to raise those issues was in the original state court action. Now, the mortgage foreclosure is *res judicata*. Further, the foreclosure sale has already occurred. Rescinding the sale would be an extraordinary remedy in equity which is unjustified considering not only the state court judgment but the length of time Plaintiff took to appeal and to appear in this Court.

Accordingly, the Court **ABSTAINS** from exercising its jurisdiction over those portions of the case not covered by the doctrine of *res judicata*, **GRANTS** Defendants' motions to dismiss (Docs. 17, 19) and **DISMISSES** the case with prejudice.

**IT IS SO ORDERED.**

**DATED this 12th day of May, 2006.**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**